UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| OKSANA B., et al., | CASE NO. C22-1517 MJP |
| Plaintiffs, | ORDER GRANTING MOTION TO SEAL |
| v. | |
| PREMERA BLUE CROSS, et al., | |
| Defendants. | |

This matter comes before the Court on Defendants' Motion to Seal the Administrative Record. (Dkt. No. 29.) Having reviewed the unopposed Motion and all supporting materials, the Court GRANTS the Motion.

The party seeking to keep material filed under seal must meet either the "good cause" or "compelling interest" standard. See Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1101 (9th Cir. 2016). The "compelling interest" test applies if "the motion [related to which the materials are filed] is more than tangentially related to the merits of a case." Id. Here, the compelling interest test applies, because the parties rely on the administrative record to present

their summary judgment arguments and the record is "more than tangentially related to the merits of the case." Id. Under the "compelling interest" test, the Court must "conscientiously balance[] the competing interests of the public and the party who seeks to keep certain judicial records secret." Kamakana v. City & Cty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) (citation and quotation omitted). The Court may only seal records if it "base[s] its decision on a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture." Id. (citation and quotation omitted). "The burden is on the party requesting a protective order to demonstrate that (1) the material in question is a trade secret or other confidential information within the scope of Rule 26(c), and (2) disclosure would cause an identifiable, significant harm." Foltz v. State Farm Mutual Auto. Ins. Co., 331 F.3d 1122, 1131 (9th Cir. 2003) (citation and quotation omitted). The Local Rules require the party seeking to keep materials under seal to show: (1) "the legitimate private or public interests that warrant the relief sought"; (2) "the injury that will result if the relief sought is not granted"; and (3) "why a less restrictive alternative to the relief sought is not sufficient." Local Rule 5(g)(3)(B). "Evidentiary support from declarations must be provided where necessary." Id.

The Court finds that compelling interests outweigh the public's access to the administrative record. The record contains substantial information about a minor's school and medical records, which are sensitive in nature, protected in part from disclosure by the Health Insurance Portability and Accountability Act of 1996, and whose revelation would cause significant harm to the minor. The Court notes that the public will otherwise be able to understand the merits of this dispute through the publicly-available briefing and other materials outside of the administrative record. The Court therefore GRANTS the Motion and ORDERS the Clerk to keep the administrative record filed in Docket Numbers 30 and 31 UNDER SEAL.

The clerk is ordered to provide copies of this order to all counsel.

Dated November 13, 2023.

Marsha J. Pechman
United States Senior District Judge

ORDER GRANTING MOTION TO SEAL - 3