UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| OKSANA B., et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>PREMERA BLUE CROSS, et al.,<br><br>        Defendants. | CASE NO. C22-1517 MJP<br><br>ORDER GRANTING MOTION FOR ATTORNEYS' FEES |

This matter comes before the Court on Plaintiffs' Motion for Attorneys' Fees. (Dkt. No. 53.) Having reviewed the Motion, the Response (Dkt. No. 58), the Reply (Dkt. No. 59), and all supporting materials, the Court GRANTS the Motion.

## BACKGROUND

Plaintiffs A.B. and his parents, Oksana and Alexander, brought suit against Defendants Premera Blue Cross, The Tableau Software, Inc. Employee Benefit Plan, and Salesforce.com Health and Welfare Plan ("Defendants") for denying claims for A.B.'s stay at two mental health care facilities: (1) Second Nature, and (2) Catalyst. The Court granted summary judgment in

1  Plaintiffs' favor, finding that Premera had wrongly denied plan benefits for A.B.'s both facilities.

2  (Order on Cross Motions (Dkt. No. 37).) The Court found that Premera abused its discretion by

3  failing to provide reasoned decisions and improperly construing and applying the Plan's terms.

4  (Id. at 14-24.) And while the Court denied Plaintiffs' Parity Act claim, it did so because their

5  success on the other claims mooted the Parity Act claims. In other words, Plaintiffs achieved a

6  high degree of success. The Court then awarded attorneys' fees to Plaintiffs, finding that they

7  were properly awarded under ERISA, 29 U.S.C. § 1132(g)(1). (Order Granting Motion for

8  Attorneys' Fees (Dkt. No. 49) ("Fee Order").) In total, the Court awarded $49,552.50 in fees and

9  $400 in costs. (Id.)

10      The Ninth Circuit reversed the grant of summary judgment and award of fees and costs.

11  (Ninth Cir. Mem. (Dkt. No. 52).) First, the Ninth Circuit held that the Plan did not cover the

12  Second Nature stay. (Id. at 2-3.) Second, though the Ninth Circuit agreed with this Court's

13  analysis and conclusion that Premera violated ERISA in denying the Catalyst claim and that

14  Plaintiffs had made a strong showing of an entitlement of coverage, it ordered the determination

15  be remanded to Premera for further assessment. (Id. at 3-7.) The Ninth Circuit also vacated the

16  award of fees so that this Court could "conduct that analysis anew" in light of its decision. (Id. at

17  7.)

18      Plaintiffs have filed a renewed motion for attorneys' fees, asking for an award of

19  $41,827.50 in fees, and $400 in costs. (Reply at 7 (Dkt. No. 59).) The Court previously found the

20  fees were appropriately awarded under the applicable law, because Plaintiffs had prevailed on

21  their claims and the relevant factors supported an award. In its prior order, the Court found that

22  all of the time requested was reasonable, and that the hourly rates were also reasonable.

23  Specifically, the Court found reasonable: (1) 54.7 hours spent by Brian King, the principal

24

attorney, (2) 58.5 hours spent by Andrew Sommers, a law clerk and attorney, and (3) 5.9 hours spent by local counsel, John Wood. (Fee Order at 8.) And the Court approved King's $600/hour rate, Sommer's rate $225-$250/hour, and Wood's $500/hr. (Id.) Plaintiffs asks for approval of these same rates, but have reduced their fee request by $7,725, to reflect the exclusion of time entries that counsel has identified as being solely related to the Second Nature claim. (Reply at 6 n.23.) They ask for a total award of $41,827.50. (Id. at 7.)

## ANALYSIS

### A.    Plaintiffs Entitled to Fees

Premera argues that Plaintiffs should not be awarded any attorneys' fees or costs because they only obtained remand of their Catalyst-related claim to Premera, and otherwise lost their claim concerning the Second Nature stay. The Court disagrees.

Under Supreme Court authority, "a fees claimant must show some degree of success on the merits before a court may award attorney's fees under § 1132(g)(1)." Hardt v. Reliance Standard Life Ins. Co., 560 U.S. 242, 255 (2010) (citation and quotation omitted). "A claimant does not satisfy that requirement by achieving trivial success on the merits; or a purely procedural victor[y], but does satisfy it if the court can fairly call the outcome of the litigation some success on the merits without conducting a lengthy inquir[y] into the question whether a particular party's success was substantial or occurred on a central issue." Id. (citation and quotation omitted). As the Ninth Circuit has explained, a remand order "even without a positive signal on the plaintiff's eligibility for benefits or a subsequent award of benefits, can constitute some success 'on the merits' under Hardt." Woolsey v. Aetna Life Ins. Co., No. 20-16885, 2022 WL 1598964, at *2 (9th Cir. May 20, 2022). The court explained: "What is critical in this context is that the court determined the administrative process was significantly deficient, and

ORDER GRANTING MOTION FOR ATTORNEYS' FEES - 3

1    that the plaintiff obtained a renewed opportunity to secure benefits." <u>Id.</u> The Ninth Circuit

2    reached a similar conclusion in another unpublished decision, finding an entitlement to fees

3    where the plaintiff "obtain[ed] an initial remand for further consideration of her ERISA claim . . .

4    even [though] the district court did not ultimately agree that she was entitled to benefits."

5    <u>Gorbacheva v. Abbott Lab'ys Extended Disability Plan</u>, 794 F. App'x 590, 594 (9th Cir. 2019).

6         Applying <u>Hardt</u> and considering the two unpublished Ninth Circuit decisions noted

7    above, the Court finds that Plaintiffs here are entitled to fees under ERISA. Although Plaintiffs

8    lost their claim that Premera wrongly denied coverage for the Second Nature stay, Plaintiffs

9    succeeded before both this Court and the Ninth Circuit in demonstrating that Premera abused its

10   discretion in denying the Catalyst claim. And both courts have agreed that Plaintiffs made a

11   strong showing that they are entitled to coverage. (Ninth Cir. Mem. at 7; Order on Cross Motions

12   at 18-24.) Thus, the remand is not merely a "purely procedural victory" that falls short of

13   satisfying § 1132(g)(1). <u>See Hardt</u>, 560 U.S. at 255. Instead, Plaintiffs succeeded in obtaining a

14   meaningful opportunity to obtain benefits. This supports an award.

15   **B.    The <u>Hummell</u> Factors Remain Satisfied**

16         ERISA provides the District Court with discretion to award attorneys' fees and costs to

17   either party of an action brought by a plan participant. 29 U.S.C. § 1132(g)(1); <u>Hardt v. Reliance</u>

18   <u>Standard Life Ins. Co.</u>, 560 U.S. 242, 256 (2010). In making this discretionary determination, a

19   district court "should" consider the following, non-exclusive five factors:

20       (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the
         opposing parties to satisfy an award of fees; (3) whether an award of fees against the
21       opposing parties would deter others from acting under similar circumstances; (4) whether
         the parties requesting fees sought to benefit all participants and beneficiaries of an
22       ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the
         relative merits of the parties' positions.

23

24

1    <u>Hummell v. S. E. Rykoff & Co.</u>, 634 F.2d 446, 453 (9th Cir. 1980). The Court refers to these as

2    the "<u>Hummell</u> factors." The Court's analysis also acknowledges the "general rule, [that] the

3    prevailing party on an ERISA claim is entitled to attorney's fees, 'unless special circumstances

4    would render such an award unjust.'" <u>United Steelworkers of Am. v. Ret. Income Plan For</u>

5    <u>Hourly-Rated Emps. of ASARCO, Inc.</u>, 512 F.3d 555, 564 (9th Cir. 2008) (quoting <u>Hensley v.</u>

6    <u>Eckerhart</u>, 461 U.S. 424, 429 (1983)). And when applying the <u>Hummell</u> factors, courts "must

7    keep at the forefront ERISA's remedial purposes that should be liberally construed in favor of

8    protecting participants in employee benefit plans." <u>McElwaine v. US W., Inc.</u>, 176 F.3d 1167,

9    1172 (9th Cir. 1999) (internal quotation and citation omitted).

10          Consistent with its previous Order, the Court again finds that all of these factors support

11    an award. (<u>See</u> Fee Order at 3-7.) First, as the Court previously found, Premera failed to explain

12    how it made its medical-necessity determination and how A.B. had recovered sufficiently to

13    warrant treatment at a lower level and that this showed bad faith and culpability. (<u>Id.</u> at 4.)

14    Although that determination is now remanded, the Court's finding concerning Premera's

15    culpability stands and supports the award of fees. Second, there remains no dispute that Premera

16    can satisfy the award. Third, there remains a deterrent effect in the award, as doing so would help

17    convince Premera that providing a reasoned and thoughtful decision in the first place will avoid

18    litigation and wrongful denials of coverage. Fourth, other Plan beneficiaries may yet gain some

19    benefit from the outcome here, though this remains largely neutral. Fifth, even with the Ninth

20    Circuit's reversal, Plaintiffs continue to have a strong position with regard to the Catalyst claim.

21    So while Premera vindicated its position with regard to the Second Nature claim, it lacks any

22    solid footing with regard to the Catalyst claim. The Court again finds this favors Plaintiffs. On

23    balance, these factors all support an award of fees. And Premera has not identified any new

24

ORDER GRANTING MOTION FOR ATTORNEYS' FEES - 5

1  analysis based on the Ninth Circuit's reversal that would make the <u>Hummell</u> factors cut against

2  an award of fees. The Court therefore finds that the <u>Hummell</u> factors again favor an award of

3  fees, and that an award is appropriate and proper on the record before it.

4  **C.    Reduced Fees Appropriate**

5          The Court agrees with Defendants, in part, that a haircut to the reduced fee request is

6  proper to account for time spent solely on the Second Nature claim.

7          As the Court previously explained, in deciding the number of hours "reasonably

8  expended," the Court considers whether the time on matter that was "excessive, redundant, or

9  otherwise unnecessary." <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 434 (1983); (<u>See</u> Fee Order at 8).

10  And the requesting attorney must provide reasonable documentation of the work performed to

11  enable this determination. <u>See</u> <u>Hensley</u>, 461 U.S. at 433.

12          Although Plaintiffs have proposed a reduction of $7,725 from their initial fee request, the

13  Court finds that a further reduction is proper to exclude time spent on the Second Nature Claim.

14  Defendants argue that counsel should have segregated the time spent solely on the Second

15  Nature claims, and given their failure to do so, the Court should reduce the fee request by 50%.

16  (Defs. Opp. at 7-9.) The Court agrees with Defendants that additional time spent briefing matters

17  specific to Second Nature should be excluded, and that the $7,725 reduction is not quite

18  adequate. But the Court rejects the request for a 50% reduction. Although Plaintiffs' counsel

19  expended time solely to the facts and law concerning Second Nature, almost all of the legal

20  analysis and core briefing on summary judgment benefitted both claims. And the Second Nature

21  claim was factually less complex than the Catalyst claim, while involving the same law and

22  general legal framework. For this reason, the Court does not find that 50% of counsel's time

23  reasonably reflects time spent solely on the Second Nature claim. Considering that counsel has

24

already reduced the award by over 15%, and based on the Court's review of the billing entries, it

Court finds that a total reduction of 20% of the billed time reasonably reflects the exclusion of

time spent exclusively on the Second Nature Claim. Applying the 20% reduction to the total time

billed, the Court awards $39,642 (which is 80% of $49,552.50).

The Court again awards $400 in costs for the filing fee.

## CONCLUSION

The Court finds that Plaintiffs are entitled to attorneys' fees and costs and that an award

of $39,642 reasonably reflects the time expended on Plaintiffs' successful claim. The Court thus

GRANTS the Motion and AWARDS Plaintiffs $39,642 in attorneys' fees and $400 in costs.

The clerk is ordered to provide copies of this order to all counsel.

Dated October 15, 2025.

Marsha J. Pechman
United States Senior District Judge